FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 02 2012

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO, ARKANSAS

BRANDON SCROGGIN
PLAINTIFF
PRO-SE
_____/

VS                     CIVIL ACTION 3:12-CV-00088-BRW

SYNERPRISE CONSULTING, INC.
DEFENDANT
_____/

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

## COMPLAINT

Plaintiff, BRANDON SCROGGIN (hereinafter "Plaintiff"), on this 2nd day of April, 2012, brings this action against Defendant Synerprise Consulting, Inc. (hereinafter "Synerprise") on the grounds and in the amounts set forth herein.

### PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiff, an individual, brings this claim for statutory and actual damages as well as attorney fees and costs for this litigation for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and seeks declaratory judgment ruling Defendant Synerprise violated and is in violation of the Arkansas Collection Agency Act § Arkansas Code Annotated 17-24-101 *et seq.* (hereinafter "ACAA").

### PARTIES

(1). Plaintiff is a natural person residing in the city of Jonesboro, Craighead County, Arkansas.

(2). Defendant Synerprise Consulting, Inc. is a domestic for-profit corporation with its principal place of business at 5651 Broadmoor Street, Mission, KS 66202. Defendant Synerprise also has an

additional place of business at 2809 Regal Rd., Ste. 107 Plano, Texas 75075.

(3). Defendant Synerprise is registered with the Arkansas Secretary of State, with a filing number of 8110021733.

(4). Defendant Synerprise is a debt collector engaged in the collection of alleged consumer debts using the telephone, the United States Postal Service and all other means at its disposal.

(5). Defendant Synerprise regularly attempts to collect consumer debts alleged to be due to another.

(6). Defendant Synerprise is operating as a "collector" and a "collection agency" in the state of Arkansas, as Defendant Synerprise uses and used the U.S. Mail to enter the state of Arkansas and conduct the business of a collection agency in the state of Arkansas.

## JURISDICTION AND VENUE

(7). Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692k(d), & 28 U.S.C. § 1331 and 28 U.S.C. § 1367. This honorable Court is a court of competent jurisdiction which has original jurisdiction over Plaintiff's federal claims and is authorized by the FDCPA to hear and adjudicate Plaintiff's claims against Defendant Synerprise.

(8). As Plaintiff's state claim is related to Plaintiff's federal claims, are inextricably entwined and arise out of a common nucleus of related facts, this Court has supplemental jurisdiction to hear Plaintiff's state claim against Defendant Synerprise.

(9). Plaintiff's state claim is related to Plaintiff's federal claims as those claims form part of the same case of controversy under Article III of the United States Constitution.

(10). Plaintiff's state claim is not complex or novel and is straightforward.

(11). Declaratory relief is available pursuant to 28 USC 2201 and 2202.

(12). Declaratory judgement is just and proper in this case, as declatorary judgement will send the appropriate message to the Defendant that their conduct will continue to subject them to future damages.

(13). Venue is proper as all alleged conduct by Defendant Synerprise took place in Jonesboro, Arkansas, while the Plaintiff was residing in Jonesboro, Arkansas.

## STATUATORY STRUCTURE OF THE FDCPA

(14). The FDCPA is a strict liability statute and no section of the FDCPA requires an inquiry into the worthiness of the debtor or purports to protect only deserving debtors. The FDCPA protects all consumers, from the gullible to the shrewd.

(15). The existence or validity of the underlying debt is not material in a FDCPA action.

(16). Under the FDCPA, whether conduct violates the FDCPA is to be determined by analyzing the conduct from the perspective of the least sophisticated consumer.

(17). Under the FDCPA there is no requirement that any intent to deceive be established when evualting if certain conduct or actions violated or violates the FDCPA.

(18). Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. *See 15 U.S.C. § 1692a(3)*

(19). Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes. *See 15 U.S.C. § 1692a(5).*

(20). Under the FDCPA, a "debt collector" is any entity or person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another or asserted to be owed or due to another. *See 15 U.S.C. § 1692a(6).*

(21). Under the FDCPA, a debt collector must disclose in the initial and all subsequent communications with a consumer that the communicator is a debt collector and is attempting to collect a debt. *See 15 U.S.C. § 1692e(11).*

(22). Under the FDCPA, a debt collector may not use false or misleading representations. *See 15*

*U.S.C. § 1692e(10).*

(23). Under the FDCPA, a debt collector may not threaten to take an action that cannot be legally taken. *See 15 U.S.C. § 1692e(5).*

(24). Under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. *See 15 U.S.C. § 1692f.*

(25). Under the FDCPA, a debt collector must within five days after the initial communication with a consumer in connection with the collection of any debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt or any portion thereof the debt will be assumed to be valid by the debt collector. *See 15 U.S.C. § 1692g(3).*

(26). Under the FDCPA, a debt collector must within five days after the initial communication with a consumer in connection with the collection of any debt, send a statement to the consumer that if the consumer notifies the debt collector in writing within thirty days after receipt of the debt collectors initial communication that the debt or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. *See 15 U.S.C. § 1692g(4).*

(27). Under the FDCPA, any collection activities and communications during the 30-day period in which the consumer has to dispute the validity of the debt may not overshadow or be inconsistent with the disclosure of the consumers right to dispute the debt or request the name and address of the original creditor. *See 15 U.S.C. § 1692g(b)(a).*

(28). Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages sustained by such person as a result of such failure, as well as statutory damages up to $1,000, attorney's fees and the costs of litigation. *See 15 U.S.C. § 1692k.*

## STATUTORY STRUCTURE ACCA

(29). Under the ACAA, it is unlawful for any person, partnership, association or corporation to conduct within the state of Arkansas a collection agency or engage within this state in the business of collecting claims for others or of soliciting the right to collect or receive payment for any other person of any claim, or advertise, either in print, by letter, in person, or otherwise, the right to collect or receive payment for another of any claim, or seek to make collection or obtain payment of any claim on behalf of another person without having first applied for and obtained a license from the State Board of Collection Agencies. *See Arkansas Code Annotated § 17-24-101*

(30). Under the ACAA, a collection agency is defined as any person who works with or employs one (1) or more other persons, or any partnership, corporation, or association which engages in the collection of delinquent accounts, bills, or other forms of indebtedness, or any person, partnership, corporation, or association using a fictitious name or any name other than their own in the collection of their own accounts receivable, or any person, partnership, corporation, or association which solicits claims for collection. *See Arkansas Code Annotated § 17-24-101 (definitions).*

## FACTS

(31). Plaintiff, on or about the date of October 4, 2011, was seen in the emergency room of St. Bernardo's Hospital in Jonesboro, Craighead County, Arkansas by a radiologist from Associated Radiologists, LTD (hereinafter "Radiologist").

(32). Plaintiff, as a result of the medical treatment received by the radiologists entered into an agreement to pay for the services rendered by the radiologist, wherein forming a consumer debt, a debt in general and an obligation to pay for services rendered to the Plaintiff. The alleged services rendered to the Plaintiff were for the Plaintiff's personal benefit.

(33). Plaintiff, on or about the date of February 4, 2012, at 10:54 AM received a "communication" by

telephone from Defendant Synerprise.

(34). During the communication received by the Plaintiff, from Defendant Synerprise, on or about the date of February 4, 2012, at 10:54 AM, Defendant Synerprise made a demand for payment to the Plaintiff, for an alleged past due balance owed to another, specifically, Associated Radiologists. Defendant Synerprise advised the Plaintiff they had been retained to collect the alleged past due balance from the Plaintiff which the Plaintiff allegedly owed to the radiologist.

(35). On or about the date of February 4, 2012, at 10:54 AM and during the debt collection telephone communication by Defendant Synerprise to the Plaintiff, and before demand for payment was made to the Plaintiff, or anytime thereafter, Defendant Synerprise never disclosed to the Plaintiff the nature of the communication was to collect a debt and any information obtained would be used for that purpose and the telephone call was from a debt collector.

(36). On or about the date of February 6, 2012, Defendant Synerprise sent to the Plaintiff, in an effort to collect an alleged debt due another party, using the United States Postal Service an initial collection letter ("initial communication"). The collection letter was dated February 6, 2012. Included in the body of the collection letter was a statement which advised the Plaintiff the letter was an attempt to collect a debt by a debt collector and among other things Plaintiff had only 30 days to respond in writing to dispute the validity of the debt and/or request the name of the original creditor if different from the current creditor or the debt would be assumed to be valid by Defendant Synerprise. (See exhibit one).

(37). Plaintiff received Defendant Synerprise initial communication letter on February 11, 2012, whereby giving the Plaintiff, per the communication in the collection letter, until March 12, 2012, to dispute the validity of the debt and/or request the name of the original creditor if different from the current creditor or the debt would be assumed to be valid by Defendant Synerprise.

(38). On or about the date of February 7, 2012, Defendant Synerprise sent to the Plaintiff, in an effort to collect an alleged debt due another party, using the United States Postal Service, a collection letter.

The collection letter was dated February 7, 2012. Included in the body of the collection letter was a statement which advised Plaintiff the letter was an attempt to collect a debt by a debt collector and among other things Plaintiff only had 30 days to respond and dispute the validity of the debt and/or request the name of the original creditor if different from the current creditor or the debt would be assumed to be valid by Defendant Synerprise. (See, exhibit two).

(39). Plaintiff received Defendant Synerprise second collection letter on the date of February 14, 2012, whereby giving Plaintiff, per the notification in the collection letter, until March 15, 2012, to dispute the validity of the debt and/or request the name of the original creditor if the creditor was different from the current creditor or the alleged debt would be assumed to be valid by Defendant Synerprise.

(40). Plaintiff is a "consumer" as defined by the FDCPA and was a "consumer" at all times during the alleged communications, as pleaded in the complaint, by Defendant Synerprise.

(41). Defendant Synerprise, "communicated" with the Plaintiff on the dates alleged in the complaint, in so far as "communication" is defined by the FDCPA.

(42). Defendant Synerprise, "communicated" with the Plaintiff, on the dates alleged in the complaint, in so far as "communication" is defined by the ACAA.

(43). Defendant Synerprise, on the dates alleged in the complaint, attempted to collect from the Plaintiff an alleged past due "debt" which was due another party, in so far as "debt" is defined by the FDCPA.

(44). Defendant Synerprise, on the dates alleged in the complaint, attempted to collect from the Plaintiff an alleged past due "debt" which was due another party, in so far as "debt" is defined by the ACAA.

(45). Defendant Synerprise, on the dates alleged in the complaint, was acting as a "collection agency" when they communicated with the Plaintiff, in so far as "collection agency" is defined by the ACAA.

(46). Defendant Synerprise, on the dates as alleged in the complaint, was acting as a "collector" in

their communications with the Plaintiff, in so far as "collector" is defined by the ACAA, therefore, Defendant Synerprise was required to comply with the ACAA.

(47). During all communications with the Plaintiff by the Defendant Synerprise, as alleged in the complaint, Defendant Synerprise was acting as a "debt collector" as defined by the FDCPA and therefore required to comply with the FDCPA.

(48). Plaintiff was a resident of the state of Arkansas, during all dates as pleaded in the complaint in which Defendant Synerprise communicated with the Plaintiff.

(49). Defendant Synerprise, on the dates as alleged in the complaint, in their communications with the Plaintiff, was not a party which was exempt from obtaining a license by the Arkansas State Board of Collection Agencies.

(50). Defendant Synerprise, at the time of the filing of this complaint, does not have a license issued by the Arkansas State Board of Collection Agencies permitting Defendant Synerprise to lawfully conduct business as a collection agency in the state of Arkansas.

(51). Defendant Synerprise did not have a license issued by the Arkansas State Board of Collection Agencies, permitting Defendant Synerprise to act as and conduct the business of a collection agency, in the state of Arkansas, during Defendant Synerprise communications with the Plaintiff.

(52). On or about the dates of:

- February 4, 2012;
- February 6, 2012;
- February 7, 2012;
- February 11, 2012;
- February 14, 2012;

Defendant Synerprise, while acting as a debt collector as defined by the FDCPA, acting as a collector as defined by the ACAA and acting as a collection agency as defined by the ACAA, did communicate with the Plaintiff in an effort to solicit and demand payment from the Plaintiff for an alleged consumer

debt, allegedly due another and the alleged consumer debt was for the personal services for the Plaintiff.

## CAUSES OF ACTION

### COUNT 1. VIOLATIONS OF THE FDCPA

(53). Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

(54). Defendant Synerprise, on or about the date of February 4, 2012, violated the FDCPA, specifically 15 U.S.C. § 1692, (e)11. Defendant Synerprise communicated with the Plaintiff, a consumer and a natural person residing in the state of Arkansas, in an effort to collect an alleged debt allegedly due another. At no time during the communication with the Plaintiff, while Defendant Synerprise was attempting to collect a debt, did Defendant Synerprise disclose to the Plaintiff the communication was from a debt collector and the communication was an attempt to collect a debt. The conduct of Defendant Synerprise in their communication with the Plaintiff, on or about the date of February 4, 2012, violated the FDCPA. As a result of Defendant Synerprise's violation of the FDCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00, and reasonable attorney's fee and costs pursuant to 15 U.S.C. § 1692k.

(55). Defendant Synerprise, on or about the dates of February 6, 2012 through February 14, 2012, violated the FDCPA, specifically 15 U.S.C. § 1692, (e)10. Defendant Synerprise used false and misleading representations in their communication with the Plaintiff. Defendant Synerprise represented themselves to the Plaintiff as a collection agency authorized to conduct the business of a collection agency in the state of Arkansas. However, Defendant Synerprise was not licensed to conduct the business of a collection in the state of Arkansas during their communications with the Plaintiff. Defendant Synerprise violation of Arkansas state law, in regards to being properly licensed by the state of Arkansas to conduct the business of a collection agency is a violation of the FDCPA. A violation of

state law constitutes a violation of the FDCPA, because the state law violation is a violation which involves false, deceptive, or misleading representations. See, Carlon vs First Revenue Assurance, 359 F3d. 1015 (8th Cir. 2004). As a result of Defendant Synerprise violation of the FDCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fee and costs pursuant to 15 U.S.C. § 1692k.

(56). Defendant Synerprise, or about the dates of February 6, 2012, through February 14, 2012, violated the FDCPA, specifically, 15 U.S.C. 1692g(b)(a). The letters which Defendant Synerprise sent to the Plaintiff overshadowed one another and were inconsistent with one another. Defendant Synerprise sent two letters to the Plaintiff, one **dated** February 6, 2012, and one **dated** February 7, 2012. (See exhibits one & two). However, both letters stated the Plaintiff only had 30 days from receipt of the letters to dispute the validity of the debt before the debt would be assumed to be valid by Defendant Synerprise. Plaintiff was presented with two different dates in which there was a 30 day period to dispute the validity of the debt prior to Defendant Synerprise assuming the debt to be valid. Defendant Synerprise caused the Plaintiff confusion and uncertainty as to when the 30 day time period started and ended in which to demand validation and/or dispute the validity. Defendant Synerprise, by their communication and conduct toward the Plaintiff, has violated the FDCPA. As a result of Defendant Synerprise violation of the FDCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00, and reasonable attorney's fee and costs pursuant to 15 U.S.C. § 1692k.

(57). Defendant Synerprise, on or about the dates of February 6, 2012 through February 14, 2012, violated the FDCPA, specifically, 15 U.S.C. 1692 e(5), threatening to take an action that cannot be legally taken. Defendant Synerprise, in their written communications to the Plaintiff, stated they would mail verification to the Plaintiff if the Plaintiff disputed the validity of the debt. (See exhibits one & two). As Defendant Synerprise, at the time the letters were sent to the Plaintiff, had no legal authority to conduct the business of a collection agency in the state of Arkansas and mail anything to the Plaintiff as part of conducting the business of a collection agency in the state of Arkansas. Threatening to mail

verification to the Plaintiff violates the FDCPA. As a result of Defendant Synerprise violation of the FDCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00, and reasonable attorney's fee and costs pursuant to 15 U.S.C. § 1692 e(5).

(58). Defendant Synerprise, on or about the dates of February 4, 2012, through February 14, 2012, violated the FDCPA, with their actions, conduct, and communications with the Plaintiff, specifically, 15 U.S.C. 1692(f), using unfair or unconscionable means to collect or attempt to collect any debt. Defendant Synerprise was not licensed to conduct the business of a collection agency in the state of Arkansas, therefore any contact with the Plaintiff while acting as a collection agency and/or a collector as defined by the ACAA, when contacting the Plaintiff while the Plaintiff was residing in the state of Arkansas, whether any other conduct during the communication with the Plaintiff violated the FDCPA and/or the ACAA should have never occurred. Defendant Synerprise communications, actions, and conduct toward the Plaintiff, on or about the dates of February 4, 2012 through February 14, 2012, were illegal, unfair, and unconscionable. As such, Defendant Synerprise has violated the FDCPA. As a result of Defendant Synerprise violation of the FDCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00, and reasonable attorney's fee and costs pursuant to 15 U.S.C. § 1692k.

## COUNT 2. VIOLATIONS OF THE ACCA

(59). Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

(60). Defendant Synerprise communications with the Plaintiff, on or about the dates of February 4, 2012, through February 14, 2012, were made while conducting the business of a collection agency and a collector in the state of Arkansas as defined under the ACAA. As Defendant Synerprise has and had no legal authority to act as a collection agency and/or a collector during their communications with the Plaintiff, due to their lack of a license to conduct the business of a collection agency in the state of Arkansas, issued by the Arkansas State Board of Collection Agencies but did so anyway, Defendant

Synerprise has violated the ACAA, specifically Arkansas Code Annotated 17-24-101.

## PRAYER FOR RELIEF

WHEREFORE, Brandon Scroggin, respectfully requests this honorable Court find in his favor and enter judgment against the Defendant for the following:

(61). Statutory damages of $1,000, pursuant to the FDCPA 15 U.S.C. § 1692k.

(62). Actual damages proven at trial pursuant to the FDCPA 15 U.S.C. § 1692k, and specifically emotional distress. Plaintiff has an extensive history of anxiety and high blood pressure which has been and is being treated by a medical doctor. Defendant Synerprise by their illegal conduct and communications with the Plaintiff has further aggravated the Plaintiff's condition, and Defendant Synerprise is liable to the Plainiff under the egg shell doctrine.

(63). Attorney fees and costs of this litigation.

(64). Declaratory judgment ruling and finding Synerprise Consulting Inc. in violation of the Arkansas Collection Agency Act, Arkansas Code Annotated 17-24-101. Specifically, having no license to conduct the business of a collection agency in the state of Arkanas, while conducting the business of a collection agency in the state of Arkansas.

(65). Such further relief which the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury for all issues triable by jury.

RESPECTFULLY SUBMITTED, on this 2nd day of April, 2012.

Brandon Scroggin
PRO-SE
526 West Monroe
Jonesboro, AR. 72401
870-897-3872
acsscroggin@gmail.com